UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br>　　　　　Plaintiff,<br>　　v.<br>CA STATE GOVERNOR'S PAROLE BOARD HEARING DEPT.,<br>　　　　　Defendant. | Case No. 20-01683 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION AS MOOT**<br><br><br>(Docket No. 1) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 5. This action was opened with Plaintiff's filing of a motion requesting court action. Dkt. No. 1. Subsequently, Plaintiff filed a complaint using the court form. Dkt. No. 5. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff initiated this action by filing a motion with following title: "Motion: pursuant order Case No. C 01-1351-TEH & No. 2" 90-cv-0520-LKK-DAD (PC) Northern & Eastern District Court: I am requesting your court to order the assig[n]ed compliance officer investigate as well as to appoint me counsel as your court general order No. 25." Dkt. No. 1. In the subsequently filed complaint, Plaintiff claims that he is being "illegally kept in prison" despite the fact that he qualified for "elderly parole" pursuant to a "three judges panel order on 2-10-14 in the above couple of cases." Dkt. No. 5 at 3. According to the attached papers, Plaintiff was denied parole after a hearing on January 9, 2020. *Id.* at 9-10. The attached papers to the complaint also indicate that Plaintiff sought release under "medical-compassionate parole" based on medical needs. Dkt. No. 5 at 7-8. Plaintiff wants the Court to investigate why he has not yet been paroled. *Id.* at 3.

The "three judges panel" to which Plaintiff refers can only be to the Three-Judge Court appointed by the Ninth Circuit to preside over two consolidated federal class actions under *Coleman*/*Plata v. Brown* which issued various orders related to prison overcrowding that required the State of California to undertake prison population reduction measures.[1]

---

[1] The original class actions were filed under *Coleman v. Brown*, Case No. 90-cv-00520-LKK-JFM (E.D. Cal.), and *Plata v. Brown*, Case No. C01-1351 TEH (N.D. Cal.). *See also Plata v. Schwarzenegger*, Case No. 3:01-CV-01351-TEH (N.D. Cal.), aff'd in part, 603 F.3d 1088 (9th Cir. 2010); *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995).

2

The specific order referred to by Plaintiff is an order issued on February 10, 2014, directing the state to implement a parole process for inmates who are 60 years or older and who have been incarcerated for at least 25 years; in response, the state implemented the "Elderly Parole Program."[2]  Also in response to a court order, the state expanded its existing medical parole hearing process, referred to as now as "expanded medical parole."[3]

To the extent that Plaintiff is challenging the denial of parole and seeks earlier release under either the elderly parole or medical parole programs, the appropriate avenue to obtain relief is not a § 1983 action.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  *Id*.  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  A parole claim that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas.  *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil

---

[2] https://www.cdcr.ca.gov/bph/elderly-parole-hearings-overview/

[3] https://www.cdcr.ca.gov/bph/mph-overview/

3

rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action should be dismissed without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

The Court notes that Plaintiff refers to a previous habeas action filed under Case No. 19-cv-1992. Dkt. No. 5 at 4. That case was dismissed as second or successive because Plaintiff had filed an earlier habeas action challenging the same underlying state conviction. *See Kabede v. State of Ca*, Case No. 19-cv-1992 EJD, Dkt. No. 16. Although he may not challenge his underlying state conviction, Plaintiff is not barred from filing a new habeas action challenging the most recent denial of parole if he can allege the violation of a minimum procedural requirement under *Swarthout v. Cooke*, 562 U.S. 216 (2011). *Id.* at 220 (holding that the only process due during parole hearing is an opportunity to be heart and a statement of reasons for the parole board's decision); *see Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is <u>procedural</u>, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]") Petitioner should keep in mind that he is also required to exhaust state judicial remedies before filing a federal habeas petition in the federal court.[4]

Lastly, to the extent that Plaintiff is individually attempting to enforce a *Coleman/Plata* order, this action must be dismissed. An individual suit for injunctive and equitable relief from allegedly unconstitutional prison conditions may be dismissed when it duplicates an existing class action's allegations and prayer for relief. *See Pride v.*

---

[4] Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

4

*Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). The relief he seeks, i.e., an investigation by the "assigned compliance officer," e.g., the Receiver, falls squarely within the purview of *Coleman/Plata*. Therefore, he may not bring his claim as an individual suit but must instead seek to remedy the claimed violation through class counsel in the *Coleman/Plata* case.[5]

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED** without prejudice. Plaintiff's motion for court action, Dkt. No. 1, is DENIED. Plaintiff may file a federal habeas petition challenging the recent denial of parole, provided he has also exhausted his state court remedies before doing so. *See* 28 U.S.C. § 2254(b), (c). Otherwise, he must pursue injunctive relief under *Coleman/Plata*.

This order terminates Docket No. 1.

**IT IS SO ORDERED.**

Dated:  __July 21, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\01683Kabede_dism(cr-hc)

---

[5] Plaintiff may submit his claim to plaintiffs' counsel in *Plata* by mailing it to the lead counsel listed on the docket for Case No. 01-1351 TEH: Donald H. Specter, Prison Law officer, 1917 Fifth Street, Berkeley, CA 94710-1916.